16-170-cv
PDV Sweeny, Inc. v. Conocophillips Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
DENNY CHIN,
    *Circuit Judges.*

-----------------------------------------------------------------------

PDV SWEENY, INC., PDV TEXAS, INC.,
    *Petitioners-Appellants*,

    v.            No. 16-170-cv

CONOCOPHILLIPS COMPANY, formerly DBA Phillips Petroleum Company, SWEENY COKER INVESTOR SUB, LLC, formerly DBA Sweeny Coker Investor Sub, Inc.,
    *Respondents-Appellees.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:  JOSEPH D. PIZZURRO (Alexandra G. Maier, Robert B. García, Alyssa J. Astiz, *on the brief*), Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, New York.

APPEARING FOR APPELLEES:  ELLIOT FRIEDMAN (Samuel E. Prevatt, *on the brief*), Freshfields Bruckhaus Deringer US LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 22, 2015, is AFFIRMED.

Petitioners PDV Sweeny, Inc. and PDV Texas, Inc. appeal from the confirmation of an arbitration award in favor of respondents and from the denial of their petition to vacate the award. Petitioners argue that the district court erred in (1) finding that the award did not violate public policy so as to bar its enforcement, and (2) taking an unduly narrow view of its authority to vacate an arbitration award that violated public policy. We review the confirmation of an arbitration award <u>de novo</u> "to the extent it turns on legal questions, and we review any findings of fact for clear error." <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm. Because both of petitioners' challenges depend on their contention that the arbitration award at issue violates public policy, we address that contention first and, finding that it fails on the merits, affirm the confirmation judgment without addressing the scope-of-vacatur challenge.

"[A] court's task in reviewing an arbitral award for possible violations of public policy is limited to determining whether the award itself, as contrasted with the reasoning that underlies the award, 'creates an explicit conflict with other laws and legal precedents' and thus clearly violates an identifiable public policy." <u>International Bhd. of</u>

2

Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 716 (2d Cir. 1998) (alterations omitted) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987)). The public policy exception to enforcement of arbitral awards is "construed very narrowly," requiring a showing that "enforcement [of the challenged award] would violate our most basic notions of morality and justice." Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 411 (2d Cir. 2009) (internal quotation marks omitted); see also Europcar Italia S.p.A. v. Maiellano Tours, Inc., 156 F.3d 310, 315 (2d Cir. 1998); Parsons & Whittemore Overseas Co., Inc. v. Societe Generale De L'Industrie Du Papier (RAKTA), 508 F.2d 969, 974 (2d Cir. 1974).

Petitioners maintain that the arbitration award in favor of respondents runs afoul of public policy against penalty provisions in contracts. At the outset, we note, as the district court did, that even though such a policy is established and significant in New York law, precedent suggests that the policy may not be one that is embodied in "our most basic notions of morality and justice." See PDV Sweeny, Inc. v. Concophillips Co., No. 14-cv-5183 (AJN), 2015 WL 5144023 *13 (S.D.N.Y. Sept. 1, 2015) (collecting cases). The point does not merit further discussion because petitioners' public policy argument fails in any event.

The arbitration panel here acknowledged the policy against contract penalties. Nevertheless, it found the policy inapplicable because it construed the contract clause at issue as a termination provision rather than as a liquidated damages provision. Petitioners dispute this conclusion, charging that a benign label cannot save what is in fact a penalty provision. But we cannot "revisit or question" the fact-finding or legal

3

reasoning that produced a challenged arbitration award. International Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d at 716; see generally Europcar Italia, S.p.A. v. Maiellano Tours, Inc., 156 F.3d at 316 ("[A]n arbitration award cannot be avoided solely on the ground that the arbitrator may have made an error of law or fact."). We can only consider whether the award itself violates public policy. See International Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp., 143 F.3d at 716; see also Yukos Capital S.A.R.L. v. Samaraneftegaz, 592 F. App'x 8, 11 (2d Cir. 2014) (recognizing that public policy exception to enforcing arbitration award applies only where "enforcement of the arbitration award, as opposed to enforcement of the underlying contract, would violate public policy"). Here, petitioners point to no "laws [or] legal precedents" indicating that termination provisions setting the terms for ending a joint venture are contrary to "well defined and dominant" public policy, W.R. Grace & Co. v. Local Union 759, 461 U.S. 757, 766 (1983) (internal quotation marks omitted), much less are violative of our most basic notions of morality and justice.

Thus, like the district court, we conclude that petitioners failed to show that public policy precluded confirmation of the arbitration award. See generally Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc., 403 F.3d 85, 90 (2d Cir. 2005) (stating that party opposing arbitral award bears "heavy" burden to prove that exception applies).

4

We have considered petitioners' remaining arguments, and we conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court